UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALDOMERO BULMARO DE PAZ GOMEZ, individually and behalf of themselves and all other similarly situated persons, known and unknown,<br><br>    Plaintiff,<br><br>    v.<br><br>EL-MILAGRO, INC.,<br><br>    Defendant. | 23 C 1606<br><br>Judge Sara L. Ellis |

## ORDER

The Court grants Defendant El-Milagro, Inc.'s motion to dismiss [19]. The Court dismisses Plaintiff's Illinois Wage and Payment Collection Act claim (Count I) without prejudice. See Statement.

## STATEMENT

Plaintiff Baldomero Bulmaro de Paz Gomez began working for Defendant El-Milagro, Inc. ("El Milagro") in 2010 as a driver's assistant pursuant to an employment agreement. In this role, he assisted route drivers, including by loading and unloading cargo and organizing products after delivery to their destinations. Gomez had to travel from destination to destination to assist the drivers. The parties' agreement provided that El Milagro would compensate Gomez $16.75 per hour for each hour worked, except that El Milagro would automatically deduct a thirty-minute lunch break from the total hours Gomez worked each day. Gomez, however, ate lunch in the truck while traveling from one delivery to another in order to complete all of his work in a timely manner. Because he worked during his lunch break but did not get paid for that work, he filed this putative class action lawsuit against El Milagro, alleging that El Milagro violated the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 *et seq.*[1] El Milagro has filed a motion to dismiss the IWPCA claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule

---

[1] The Court has jurisdiction over Gomez's state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To state a claim under the IWPCA, Gomez must plead that El Milagro owes him wages under an employment contract or agreement. 820 Ill. Comp. Stat. 115/2; *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016). The IWPCA defines "wage" narrowly as "compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties." 820 Ill. Comp. Stat. 115/2. Illinois courts have held that "[a]n employment agreement need not be a formally negotiated contract" and requires only the manifestation of mutual assent. *Landers-Scelfo v. Corp. Off. Sys., Inc.*, 356 Ill. App. 3d 1060, 1067–68 (2005) (citing *Zabinsky v. Gelber Grp., Inc.*, 347 Ill. App. 3d 243, 249 (2004)). But the IWPCA "provides no substantive relief beyond what the underlying employment contract requires." *Enger*, 812 F.3d at 570; *see also Chagoya v. City of Chicago*, 992 F.3d 607, 624 (7th Cir. 2021) ("[T]he IWPCA holds the employer only to its promise under the employment agreement.").

El Milagro argues that the Court should dismiss Gomez's IWPCA claim because he has failed to allege that the parties' employment agreement required El Milagro to compensate Gomez for unpaid meal periods.[2] *See Brown v. Lululemon Athletica, inc.*, No. 10 C 05672, 2011 WL 741254, at *3 (N.D. Ill. Feb. 24, 2011) ("It is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed."). Indeed, Gomez's allegations undermine any inference that El Milagro agreed to pay him for his working lunch breaks. He does not allege that the parties manifested an intention for employees to receive wages if they worked during their lunch breaks. *See Reed v. Positive Connections, Inc.*, No. 16 C 3377, 2016 WL 4394166, at *3 (N.D. Ill. Aug. 16, 2016) ("Plaintiffs' allegation that defendant did not compensate them for time spent beyond their estimated work time each day does not make it any more plausible that defendant had agreed to pay plaintiffs for this time."); *Hoffman v. RoadLink Workforce Sols., LLC*, No. 12 C 7323, 2014 WL 3808938, at *5 (N.D. Ill. Aug. 1, 2014) (dismissing IWPCA claim where the plaintiffs did not allege an agreement with the defendants that required the defendants to compensate them for time they worked off-the-clock); *see also Brashear v. SSM Health Care Corp.*, No. 4:22-cv-00569, 2022 WL 17987041, at *4 (E.D. Mo. Dec. 29, 2022) (finding that allegations that the defendant agreed to pay the plaintiff

---

[2] The Court only addresses El Milagro's specific arguments about Gomez's entitlement to payment for working lunch breaks because the viability of Gomez's IWPCA claim depends not on whether the parties had an employment agreement generally but rather on whether they had an agreement to pay Gomez for the specific wages he seeks, in this case, compensation for work performed during the unpaid thirty-minute daily lunch break. *See Chagoya*, 992 F.3d at 624–25 ("It is not enough to allege 'the existence of *any* employment contract or agreement': the operators must 'alleg[e] the existence of a contract or agreement that specifically gives [the Operators] a right to the wages [they] seek[ ]." (alterations in original) (quoting *Dominguez v. Micro Ctr. Sales Corp.*, No. 11-cv-8202, 2012 WL 1719793, at *1 (N.D. Ill. May 15, 2012))).

2

for all hours worked did not suggest that the parties agreed that the defendant would compensate the plaintiff for work she performed during her otherwise unpaid meal break). Instead, Gomez acknowledges that the parties agreed that employees would receive a thirty-minute lunch break each workday and that El Milagro would deduct those thirty minutes from the employees' paychecks. And according to the amended complaint, El Milagro deducted the thirty-minute lunch break from paychecks even though it allegedly knew that employees worked during their lunch breaks. In other words, the amended complaint indicates that the parties agreed that employees would not receive pay for thirty minutes of their workday, regardless of whether they worked through the lunch break or not. *See Reed*, 2016 WL 4394166, at *3 (dismissing plaintiffs' IWPCA claim where the complaint indicated "that defendant's practice was *not* to pay for any time [the plaintiffs] worked beyond the estimated time"); *Brashear*, 2022 WL 17987041, at *4 (noting that the allegations suggested not that the employer agreed to pay the employee for work she performed during employer-designated meal breaks but rather that the employee assented to the practice of deducting meal breaks through her "continued employment and lack of protest"). Thus, because Gomez has not sufficiently pleaded an entitlement to wages for work performed during his lunch break, the Court dismisses the IWPCA claim without prejudice.

Date: October 18, 2023                                             /s/__Sara L. Ellis_____